**BATTLE, Plaintiff-Appellee, v. RESERVE LIFE INSURANCE COMPANY, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 4031. Decided April 17, 1959.

Walter T. Cooper, Youngstown, for plaintiff-appellee.
Harrington, Huxley & Smith, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

On October 6, 1954, defendant insured plaintiff for hospital, medical and surgical expenses incurred by plaintiff subsequent to policy issuance date. In the trial in the court of common pleas the parties stipulated that if defendant was liable the amount payable under the policy would be $659.65.

Defendant refused payment on the ground plaintiff had fraudulently and falsely answered questions on the policy application which was made a part of the policy issued by defendant to plaintiff.

Plaintiff refused to accept defendant's tendered return of premium payments.

Under the policy heading "Standard Provisions" appears the following:—

"2. No statement made by the applicant for insurance not included herein shall avoid the policy or be used in any legal proceeding hereunder. No agent has authority to change this policy or to waive any of its provisions. No change in this policy shall be valid unless approved by an executive officer of the company and such approval be endorsed hereon."

The jury in the court of common pleas returned a verdict for plaintiff for $659.65, upon which verdict the trial judge entered judgment. Defendant appealed from that judgment to this court on questions of law.

The alleged false and fraudulent answers upon which defendant based its refusal to pay are:—

"6. Are you and all other members of the Family Group to be insured, now in good health and free from any physical or mental defect? Yes.

"8. Have you, or any members of the Family Group to be insured, ever had any disease of the heart, lungs, kidneys, stomach, or bladder; or high blood pressure, paralysis, arthritis, syphilis, cancer, diabetes, hernia, goitre, or rectal disease? No.

"9. Have you, or any member of the Family Group to be insured, received medical or surgical advice or treatment within the past three years? No."

Plaintiff was hospitalized from February 15, 1957, to April 8, 1957, suffering, as disclosed by hospital records, from a physical condition diagnosed as "acute CVA (hemorrhage)—left, diabetes mellitus," which was finally diagnosed as "same, acute CVA (hemorrhage)—left, diabetes mellitus, hypertensive CV 'cardio-vascular' disease."

Plaintiff was hospitalized between March 27, 1954, and May 1, 1954, for "diabetes mellitus (uncontrolled)" with the final diagnosis of "diabetes mellitus, mild essential hypertension, pyoderma (mild)." This record indicates plaintiff had diabetes for three years prior to his admission to the hospital on February 15, 1957.

In view of the conflicting evidence we have quoted it is obvious to us that a question for the determination of the jury was presented, and that accordingly the trial judge did not err to defendant's prejudice in overruling its motions for a verdict to be directed in its favor at the close of all the evidence.

Plaintiff's hospital record shows:—

"Patient states that he had a stroke on Wednesday. He says that he had a headache before the stroke. He is a hypertensive for years. * * * He was a known diabetic for 7 years and has been on insulin for that period of time. Hospitalized once before because of hemorrhaging. * * * He is a diabetic and hypertensive for years. * * *."

There is evidence that upon interrogation for the purpose of securing insurance plaintiff informed defendant's agent he had not had any diseases within a long period prior to signing the application for issuance of the questioned policy to him.

Plaintiff testified "I find out I had diabetes when I went to the hospital" when "I had stroke in 1957 and had not taken" any insulin prior to 1957 or told "anything about being hypertensive"; that at the

time of trial "no, I ain't taking any (insulin) right now"; that he took it in the hospital, and also "I take it after I come out of hospital."

The Ohio director of administrator services in charge of the policy issuing department for the state of Ohio for defendant testified by deposition that defendant would not have issued plaintiff the questioned policy if it had known of his 1954 hospital experience; and that "had we had that information the application would have been rejected and a full refund of all monies paid the agent would have been made to Mr. Battle."

The trial judge charged the jury in writing before argument the following request to charge before argument submitted by plaintiff:—

"It is provided by Statute in Ohio: Any person who solicits an application for, or for reinstatement of, a policy of sickness and accident insurance to insure any other person shall be considered the agent of the insurer and not of the insured in any controversy between the insured or his beneficiary and the insurer issuing or reinstating a policy upon such application or accepting or making a renewal of such policy."

Defendant's objection to the charge is that §3923.141 R. C., the statute referred to, became effective July 1, 1956, shortly under two years after the formation of the contract between the parties in this case; that the law enacted subsequent to the formation of the contract has no bearing upon the contract itself; that the charge instructs the jury to give its language statutory effect; and that the wording of this charge places undue and improper emphasis upon this facet of the case and is therefore erroneous. Defendant claims that if the necessary inference which would be drawn from a special charge is improper, the giving of the charge is prejudicial error, even though it may state a correct rule of law applicable to the facts, and cites as authority **Brown v. Jacoby, 55 Oh Ap 250.**

Sec. 3929.27 R. C., effective October 1, 1953, provides:—

"A person who solicits insurance and procures the application therefor shall be considered as the agent of the party, company, or association thereafter issuing a policy upon such application or a renewal thereof, despite any contrary provisions in the application or policy."

Sec. 3923.141 R. C., effective July 1, 1956, provides:—

"Any person who solicits an application for, or for reinstatement of, a policy of sickness and accident insurance to insure any other person shall be considered the agent of the insurer and not of the insured in any controversy between the insured or his beneficiary and the insurer issuing or reinstating a policy upon such application or accepting or making a renewal of such policy."

Plaintiff aptly states by brief the statute is merely a codification of a fundamental proposition in the law of agency prevalent since Bible times that "no man can serve two masters."

In the case of **Saunders v. Allstate Insurance Company, 168 Oh St 55,** at page 59, it is said:—

" 'An insurance agent in the sense of one who is employed to solicit risks and effect insurance is the agent of the company by which he is appointed or employed with regard to matters connected with the solicitation of the risk, the making of the application and the issuance of the policy, and cannot be considered in any sense as the agent of

insured in any matter connected with the issuance of the policy. * * *.''

The trial judge charged the jury in writing before argument:—

"The court charges you that, if you find from the testimony and the evidence that the questions on the application for insurance were not in fact asked of the plaintiff, then you must find that the insurance company had knowledge, through its agent, that the answers written therein had no basis in fact, and therefore plaintiff is entitled to your verdict by reason of defendant's failure to prove that it had no knowledge of the falsity of the answers."

Defendant contends the foregoing request is erroneous and prejudicial to its rights because it improperly restricts the jury in its function to consider and weigh all the evidence; and claims that "nowhere in the record is there a showing that the questions on the application were not in fact asked and it is conclusively shown by the testimony of plaintiff's own witnesses that he gave false answers to the agent's questions dealing with his previous health and diseases."

The claim of defendant amounts to a claim of lack of evidence, and is the same as that made in argument on requests to charge numbers five and six, disposal of which are made hereinafter herein.

The trial judge charged the jury in writing before argument the following request to charge submitted by the plaintiff:—

"Charge No. 3. It is provided by statute in Ohio that: 'No answer to any interrogatory made by an applicant in his application for a policy shall bar the right to recover upon any policy issued thereon, or be used in evidence at any trial to recover upon such policy, unless it is clearly proved that such answer is willfully false, that it was fraudulently made, that it is material, and that it induced the company to issue the policy, that but for such answer the policy would not have been issued, and that the agent or company had no knowledge of the falsity or fraud of such answer.'"

Arguing the error of the trial judge in submitting the foregoing charge to the jury defendant says: "Plaintiff has extracted this statute from one chapter of our laws and has asked that it apply to an area of jurisprudence completely apart from that particular area to which it has application;" and that "in this particular instance the statute and, a fortiori, the charge, have no application."

Sec. 3923.14 R. C., effective July 1, 1956, provides:—

"The falsity of any statement in the application for any policy of sickness and accident insurance shall not bar the right to recovery thereunder, or be used in evidence at any trial to recover upon such policy, unless it is clearly proved that such false statement is willfully false, that it was fraudulently made, that it materially affects either the acceptance of the risk or the hazard assumed by the insurer, that it induced the insurer to issue the policy, and that but for such false statement the policy would not have been issued."

The language in the charge is taken from §3911.06 R. C. Plaintiff concedes that §3923.14 R. C., is peculiarly applicable to this type of action. The distinction in the two statutes resides in the last phrase of §3911.06 R. C., reading "* * * and that the agent or company had no knowledge of the falsity or fraud of such answer."

We cannot concur in defendant's reasoning that the use of the foregoing phrase in the charge before argument submitted to the jury placed a burden upon defendant in excess of that required by Ohio Statutes.

In 19 O. Jur., Section 87, Page 386, it is said:—

"The representation must have come to the knowledge of the complaining party and it must appear that it was made directly or indirectly to him, since it cannot be supposed that he was influenced by a statement which was neither made nor communicated to him."

See also 19 O. Jur., Section 25, Page 336, and Section 26, Page 337.

Sec. 2309.59 R. C., provides:—

"In every stage of an action, the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. No judgment shall be reversed or affected by reason of such error or defect. * * *."

In plaintiff's request to charge before argument number four, the trial judge instructs the jury:—

"The court instructs you that it is not material to this cause whether or not the plaintiff had suffered from any of the specified diseases or illnesses set forth in the application. The question is whether or not the plaintiff fraudulently misrepresented the fact in his application for insurance."

Defendant states in its brief that "defense will agree with the last sentence of this charge, that the issue is whether or not the plaintiff fraudulently misrepresented the fact in his application," but claims the court in giving this charge "stated that the defendant cannot prove this fraud by proof of the existence of the disease at such time."

As pertinently observed by counsel for plaintiff by brief by answer defendant pleaded affirmative defense of fraudulent misstatement in the application and not prior existing physical condition, and argues, logically we believe, that:—

"By virtue of §3923.14 R. C., the materiality of plaintiff's state of health prior to making application for insurance is not a burden of proof in this case. It is the falsity of the insured's statement thereto which is material. The plaintiff's request to charge, indeed, concedes that plaintiff may, in fact, have suffered from the disease claimed. In view of this inferential admission, defendant's complaint has no substance."

The trial judge charged the jury in writing before argument plaintiff's request to charge number five as follows:—

"If you find from the facts that the defendant's agent did not obtain from the plaintiff the answers to the questions in the application, but filled in the answers upon his own authority, then the defendant company cannot claim that such answers are those of the plaintiff insured and seek to avoid liability on the policy because such answers are false."

Defendant objects to the submission of the foregoing charge on the ground that "this particular charge instructs the jury plaintiff must recover if it finds the agent filled in the answers to the application on

his own motion," and "the court thus submitted to the jury a charge unwarranted by the evidence."

Further defendant argues, but we do not believe, that the charge as submitted to the jury is misleading.

The trial judge charged the jury in writing before argument plaintiff's request to charge number six as follows:—

"If you find from the facts that the Question Number 8 on the application, which has reference to prior diseases suffered by the insured, was not asked of the insured by the defendant's agent, but was answered by the agent himself on his own authority, then the answer is not that of the plaintiff, even though the plaintiff authorized another to sign his name to the application."

The answer to defendant's contention with reference to the foregoing charge is made sufficiently in the answers to submitted charges two and five.

We are impressed by the summary of plaintiff's counsel by brief, which we quote verbatim and adopt:—

"1. In an action on a policy of sickness and accident insurance, which the defendant insurer defended upon the ground of fraudulent misstatement in the application for such insurance, the burden of proof on that issue is on the defendant by virtue of §3923.14 R. C.

"2. Defendant insurer is precluded from showing that plaintiff's alleged fraudulent misstatement consisted of answers to questions not contained on the application for insurance by virtue of §3923.04 R. C.

"This section provides that 'no statement made by the insured not contained in the contract shall void the policy or be used to deny any claim thereunder or be used in any legal proceedings thereunder.'

"3. It is not sufficient, in an action on a policy of hospitalization insurance, which the defendant insurer defended on the ground of fraudulent misstatement in the application, that defendant show a previously existing physical condition in plaintiff insured. It is incumbent upon the defendant to prove, in addition, that plaintiff made a false statement on his application, that such false statement is willfully false, that it was fraudulently made, that it materially affected either the acceptance of the risk or the hazard assumed by the insurer to issue the policy, and that but for such false statement the policy would not have been issued, according to the mandatory provisions of §3923.14 R. C.

"4. It is not error for a jury to disregard incompetent testimony, even though such testimony has been received in the record without objection. Where an officer of defendant insurance corporation testifies that, had the insurer known of a prior physical condition in plaintiff insured, defendant would not have issued its policy of hospitalization insurance to such plaintiff, such testimony is incompetent.

"5. A reviewing court will not reverse the verdict of a jury on the weight of the evidence unless the record clearly indicates conceded facts or issues on which reasonable minds could have reached no other conclusion."

Defendant's motion for judgment in its favor notwithstanding the verdict of the jury and for a new trial were properly overruled.

Following the example of defendant's counsel we shall dispose of defendant's first four assignments of error together.

Upon the evidence submitted we cannot say that "the verdict and judgment of the trial court are against the manifest weight of the evidence, and for that reason contrary to law."

On the first four assigned grounds of error see §§2323.17 and 2323.18 R. C.; §3923.14 R. C.; and J. & F. Harig Co. v. City of Cincinnati, 61 Oh Ap 314. Also see Krueger v. Schoenling Brewing Co., 82 Oh Ap 57; McNees v. Cincinnati Street Ry. Co., 152 Oh St 269; and Baltimore & Ohio Railroad Co. v. Nobil, 85 Oh St 175.

A reviewing court must keep in mind constantly that the trial judge and jury has the advantage of the atmosphere of the trial which a reviewing court does not have. A reviewing court must depend upon the cold pages of the record for the facts coming to it; and as said in a dissenting opinion written in Haley v. Ohio, United States Reports Volume 332, page 596, at page 624:—

"Until a better way is found for testing credibility than by the examination of witnesses in open court, we must give trial courts and juries that wide discretion in this field to which a living record, as distinguished from a printed record, logically entitles them. In this living record there are many guideposts to the truth which are not in the printed record. Without seeing them ourselves we will do well to give heed to those who have seen them."

In the case of New York Life Insurance Company v. Wertheimer, 272 Federal 730, upon which defendant relies so heavily for a reversal of the judgment of the trial court it is observed that there the trial judge and jury had the same advantage as did the trial judge and jury in the case we review, which upon the evidence submitted to them this court would not have reversed had it reached a different conclusion.

It seems to be settled that defendant is precluded by statute, contract provisions and the parol evidence rule from asserting its defense based on a statement made by plaintiff not included in defendant's policy provisions.

Plaintiff's claim is that he made no statement concerning the questions on the application and that the answers allegedly given by him appearing thereon were filled in by defendant's soliciting agent without his consent, which amounts to an allegation of fraud practiced on him by such agent, and upon his employer, defendant insurance company.

We are impressed by the statement of the trial judge made in overruling defendant's motion for a verdict to be directed in its favor that "it would appear that if there were any fraud involved in this case, it was the fraud of the agent practiced against his own company."

As suggested, defendant's claim is that plaintiff made false statements to secure insurance, and accordingly such statements were fraudulently made.

The evidence indicates a failure of defendant's agent to obtain the information required by defendant upon which to issue a policy of insurance to plaintiff.

In **19 O. Jur.**, **Section 100, Page 395**, it is said:—

"* * * It is a settled rule in equity that where the truth or falsity of facts can be obtained by the exercise of care and diligence on the part of the person injured by reliance upon false representations, he cannot complain of his want of knowledge and have the law do for him what he could readily have done for himself by the proper exercise of diligence and care. Failing in the exercise of his diligence and caution, he is not entitled to relief."

Obviously we conclude that the trial judge did not err to defendant's prejudice as alleged in its first four assigned grounds of error, nor in his general charge to the jury as urged in his fifth assigned ground of error.

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, DONAHUE, J, concur.